UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA BURRELL et al.,

        Plaintiffs,

CASE NO. 16-cv-10568
HON. GEORGE CARAM STEEH

v.

MGM GRAND CASINO DETROIT,
et al.,

        Defendants.
_____/

ORDER GRANTING DEFENDANT MGM RESORTS INTERNATIONAL'S
MOTION TO DISMISS FOR IMPROPER SERVICE AND
FOR LACK OF PERSONAL JURISDICTION (Doc. 15)

Plaintiffs, former cashiers at a sundry shop in the MGM Grand Casino Detroit ("MGM Grand"), who were discharged and prosecuted for embezzlement, but were not convicted, brought this federal civil rights suit under 42 U.S.C. §§ 1983 and 1985 and related state law claims, against their former employer MGM Grand, MGM Resorts International ("MGM Resorts"), the Michigan Gaming Control Board, and three individuals, allegedly two MGM Grand employees, one of whom remains unnamed, and a Michigan State Gaming Control Board investigative officer.[1]  Now before the court is defendant MGM Resorts' unopposed motion to dismiss for improper service under Federal Rule of Civil Procedure 12(b)(5), and to dismiss for lack of personal jurisdiction under Rule 12(b)(2).  For the reasons set forth below, defendant's motion shall be granted.

---

[1] The Michigan Gaming Control Board denies that defendant Daniel Hilanka, identified in the complaint as one of its officers, has ever been its employee.  (Doc. 24, PgID 152).

- 1 -

A.     **Insufficiency of Service of Process**

Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss a complaint for insufficiency of service of process. In determining whether the summons and complaint were properly served on the defendant, plaintiff bears the burden of proof. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service. *Id.* Here, plaintiff filed a "certificate of service/summons returned" as to MGM Resorts, but the documentation attached to the certificate of service shows that no such service was completed. (Doc. 8). The postal return receipt states that service was effectuated at 601 Abbott Road in East Lansing, Michigan. MGM Resorts is a Delaware corporation with its business address in Las Vegas, Nevada. A search of the corporations division business entity search reveals that there is no MGM Resorts in Michigan. Plaintiffs have not responded to MGM Resorts' argument that they were not properly served. Based on the record before this court, MGM Resorts was not properly served with the summons and complaint and MGM Resorts is entitled to dismissal on this basis.

B.     **Personal Jurisdiction**

Defendant MGM Resorts has also moved for dismissal for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The burden is on the plaintiff to establish that personal jurisdiction exists. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Because the court is deciding the issue of personal jurisdiction without first holding an evidentiary hearing, the facts are construed in the light most favorable to the plaintiff, the nonmoving party. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff "need only make a prima facie showing of

jurisdiction." *Id.* (citation omitted).  The plaintiff can meet this burden by "'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Id.* (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).  In the face of a properly supported motion for dismissal, the plaintiff "may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

Plaintiffs have failed to do so here.  Plaintiffs' Complaint is bereft of any specific allegations against MGM Resorts.  They have failed to plead any facts suggesting that MGM Resorts has sufficient contacts with the State of Michigan to support jurisdiction.  At a number of places in the Complaint, plaintiffs do refer to "MGM" without defining that abbreviation.  While the abbreviation might arguably refer to MGM Resorts, upon careful review of those allegations, it appears that plaintiffs use that abbreviation solely to refer to MGM Grand, their former employer.  In any event, plaintiffs have done nothing to clarify their confusing pleading and have not responded to MGM Resorts' motion to dismiss.  Under these circumstances, dismissal of MGM Resorts for lack of personal jurisdiction is appropriate.  Accordingly,

IT IS ORDERED that defendant MGM Resorts' motion to dismiss (Doc. 15) for insufficient service of process and for lack of personal jurisdiction is GRANTED and MGM Resorts is DISMISSED.

**IT IS SO ORDERED.**

Dated:  November 10, 2016

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 10, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk