UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA BURRELL et al.,            CASE NO. 16-cv-10568
                                           HON. GEORGE CARAM STEEH
       Plaintiffs,

       v.

MGM GRAND CASINO DETROIT,
et al.,

       Defendants.
_____/

ORDER GRANTING DEFENDANT MICHIGAN GAMING
CONTROL BOARD'S MOTION TO DISMISS (Doc. 24)

       Plaintiffs, former cashiers at a sundry shop in the MGM Grand Casino Detroit, who were discharged and prosecuted for embezzlement but were not convicted, brought this federal civil rights suit under 42 U.S.C. §§ 1983 and 1985 as well as related state law claims, against defendant Michigan Gaming Control Board ("MGCB") and five other defendants, seeking money damages only. Now before the court is defendant MGCB's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) based on its Eleventh Amendment sovereign immunity. Plaintiffs have not filed a response and the time period for doing so has expired.

       The MGCB is the arm of the state pursuant to MCL § 432.204(1) as it is a statutorily created department of the executive branch of the State of Michigan. As such, MGCB is entitled to the same Eleventh Amendment immunity from money damages that applies to the State itself. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); A*labama v. Pugh,* 438 U.S. 781, 782 (1978); *see Moody v.*

*Mich. Gaming Control Bd.*, No. 12-cv-13593, 2013 WL 6196947, at *5 (E.D. Mich. Nov. 2, 2013) (holding that the Eleventh Amendment barred plaintiffs' claim for money damages against the MGCB and its officials), *aff'd in part, and rev'd in part, on other grounds and remanded*, 790 F.3d 669 (6th Cir. 2015).  Unless the State waives its sovereign immunity or Congress overrides it, the state and its agencies may not be sued in federal court.  *Pugh*, 438 U.S. at 782.  No such waiver or Congressional override exists here. *See Johnson v. Dellatifa,* 357 F.3d 539, 545 (6th Cir. 2004) ("The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts.").  Accordingly, the MGCB is cloaked with sovereign immunity and must be dismissed.

Moreover, a state and its agencies are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, defendant's unopposed motion to dismiss (Doc. 24) is GRANTED and defendant MGCB is DISMISSED.

**IT IS SO ORDERED.**

Dated:  November 10, 2016

>   s/George Caram Steeh
>   GEORGE CARAM STEEH
>   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 10, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk